## PENZINER v. UNITED STATES.

### No. 22722–G.

District Court, N. D. California, S. D.

Jan. 25, 1944.

Edward Hale Julien, of San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

GOODMAN, District Judge.

The above-entitled case came regularly on for hearing on November 19, 1943; evidence, oral and documentary, having been received, and the cause having been submitted, the Court, having considered the evidence and the argument of counsel, now makes the following

### Findings of Fact

I. Plaintiff was during the year 1940 and at the times hereinafter mentioned a resident of the City and County of San Francisco, State of California.

II. On or about November 17, 1942, plaintiff paid to Clifford C. Anglim, Collector of Internal Revenue, on demand therefor, an additional income tax for the year 1940, amounting to $2,231.29, plus interest in the sum of $223.16. Thereafter plaintiff duly filed a claim for refund which was rejected by the Commissioner of Internal Revenue. Said Collector of Internal Revenue was not in office at the time this suit was filed.

III. Said claim for refund was grounded on the contention that certain items claimed by plaintiff in his 1940 income tax return as deductible expenses had been erroneously disallowed; and the contention that income in the sum of $8,548.16, reported by plaintiff's wife on her tax return as her portion of partnership income, had erroneously been determined by the Bureau of Internal Revenue to belong to plaintiff and taxable to plaintiff. At the trial, plaintiff abandoned his contention that the items of expense referred to in the claim for refund were deductible, leaving in issue only his contention that certain income amounting to $8,548.16 belonged to plaintiff's wife as partnership income and was not taxable to him.

IV. Plaintiff was married to Ray Penziner in New York City in 1901. They moved to San Francisco in 1911. During the year 1940 plaintiff held the title to real properties located in San Francisco which produced a net income during 1940 amounting to $17,096.32. The title to said properties was acquired by plaintiff after 1911, and as the result of his activities in buying real property, building stores, flats and apartment houses, selling the same and re-investing the proceeds of sales in other real properties and thereafter developing such new properties.

The plaintiff's wife, Ray Penziner, contributed to the cost of the first property acquired by plaintiff after his arrival in San Francisco from a fund saved by her from moneys earned by her or given to her by her husband or saved out of her housekeeping allowance. The amount of said contribution was not satisfactorily shown.

V. The evidence fails to show to the satisfaction of the Court that a partnership was entered into in 1911 or at any time between plaintiff and his wife for the purpose of engaging in the business of buying and selling real estate and building houses and apartment houses and operating the same by them as a partnership engaged in said business. The indicia that such a partnership was formed, or that it continued, or that it existed in 1940, are lacking. The income claimed by plaintiff to be the income of such business partnership was not in fact the income of such a partnership between plaintiff and his wife. The plaintiff engaged in and conducted his

business of buying, building, selling and re-investing, without his wife being his business partner therein. Such assistance and advice as she may have given him was given as his wife, not as a partner in the business.

VI. The issues of the case do not require the Court to find whether any part of the properties held by plaintiff in 1940 was derived from a contribution of capital by plaintiff's wife, and whether any part of such contribution or property purchased therewith, can be traced and found to be the separate property of plaintiff's wife.

From the foregoing facts, the Court renders the following

### Conclusions of Law

■ (1) That the Commissioner of Internal Revenue was correct in his disallowance of the plaintiff's claim for refund;

(2) That the defendant is entitled to judgment in its favor, with its costs, as may be taxed.